UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X

SKAB INTERNATIONAL CORPORATION and
SKAB CORPORATION LIMITED

                                 Plaintiff,                      Case. No. 13cv4838

-against-                                                  **AMENDED COMPLAINT**
                                                                 **AND**
                                                                  **JURY TRIAL DEMAND**

CHINA MINMETALS CORPORATION, and
MINMETALS ENGINEERING CO. LTD.

                                 Defendants.
-----------------------------------------------------------------X

Plaintiffs, by and through their counsel, allege against Defendants as follows:

## PARTIES

1.       Plaintiff SKAB INTERNATIONAL CORPORATION INC., (hereinafter "SKAB INTERNATIONAL") is a US based trading corporation incorporated under the laws of the State of Delaware, maintaining its principal office at 33 Birch Road North Hampton, New Hampshire 03862.

2.       SKAB INTERNATIONAL is involved principally in the business of trading industrial metals internationally.

3.       Plaintiff SKAB CORPORATION LIMITED (hereinafter "SKAB LTD.") is a corporation incorporated and existing in the Isle of Man and is an affiliate and functional division of SKAB INTERNATIONAL.

1

4. SKAB LTD. serves as accounting clearinghouse for SKAB INTERNATIONAL. SKAB LTD. issues invoices on behalf of SKAB INTERNATIONAL and is obligated to pay all of SKAB INTERNATIONAL's expenses based on its collections, including those of its SKAB INTERNATIONAL's US operations.

5. CHINA MINMETALS CORPORATION (hereinafter "MINMETALS"), according to its website, "engages in exploration, mining, smelting, processing and trading for metals and minerals, and is also engaged in finance, real estate, and mining and metallurgic technology, with business scope covering 26 nations and regions in the world."

6. MINMETALS operates across the globe through a large number of wholly owned subsidiaries, at least 9 of which are located in the United States. The headquarters of MINMETALS' North American operations is its wholly owned subsidiary MINMETALS INC USA, located in Weehawken, New Jersey.

7. Defendant MINMETALS ENGINEERING CO. LTD. ('MINMETALS ENGINEERING") is a wholly owned subsidiary of MINMETALS and is headquartered in Beijing, China.

8. MINMETALS ENGINEERING takes advantage of MINMETALS global client network and, provides the world market with special complete metallurgical and mining

equipment and technical services with mature designs and capabilities of equipment manufacture.

## JURISDICTION

9. Plaintiff SKAB INTERNATIONAL is a citizen of New Hampshire. \

10. Plaintiff SKAB LTD. is a citizen of the Isle of Man.

11. Defendant MINMETALS is a citizen of China.

12. Defendant MINMETALS ENGINEERING is a citizen of China.

13. Defendants, individually and through their wholly owned subsidiary and fellow subsidiary MINMETALS INC USA, regularly transact or solicit business, engage in a persistent course of conduct, and derive substantial revenue from goods and services used or consumed in the State of New Jersey.

14. The amount on controversy in this complaint is in excess of $75,000, exclusive of interest and costs.

15. This court has both personal and subject matter jurisdiction over the controversy and the parties under 28 USC §1332.

16. Alternatively, Defendants are agencies or instrumentalities of a "foreign sovereign" as defined under the Foreign Sovereign Immunities Act (28 USC §1603).

17. The allegations and causes of action averred in this complaint are based upon acts of the Defendants committed outside the territory of the United States in connection with the commercial activities of China. Those acts have caused direct harmful effects on the Plaintiffs in the United States. This court therefore has both personal and subject matter jurisdiction (28 USC §1605).

## FACTUAL BACKGROUND

"The Mechel Project"

18. In or about 2006 Defendant MINMETALS and its subsidiary MINMETALS ENGINEERING requested Plaintiffs' assistance with a tender in which it wished to participate.

19. In this tender Defendants MINMETALS and MINMETAL ENGINEERING sought to receive a contract from Russia's largest mining, steel and power company Mechel OAO ("Mechel") for the construction of railworks and a structural steel mill at Mechel's Chelyabinsk Metallurgical Plant ("The Mechel Project") to be locate in Chelyabinsk, Russia. The value of this contract was approximately $298,170,000.

20. Throughout 2007 and 2008, at Defendants request, Plaintiffs introduced MINMETALS and MINMETAL ENGINEERING to key decision makers at Mechel and lobbied on their behalf.

21. At the request of defendants Plaintiffs attended numerous formal meetings in Moscow, Beijing and Chelyabinsk with representatives of Defendants and Mechel in support of Defendants' bid for the Mechel Project.

22. Plaintiffs provided hundreds of hours of consultation services in connection with the Mechel Project and advised Defendants regarding the political, economic, and other strategic considerations which would affect their bid to win the tender from Mechel, reviewed tender documents on behalf of the Defendants and lobbied, provided expertise, explanations and other materials, labor and services in support of Defendants' bid for the Mechel Project.

23. In providing these services Plaintiffs expended valuable resources, time and money and exposed Defendants to valuable confidential and proprietary information owned by Plaintiffs in order to assist Defendants in winning the Mechel Project tender. This information consisted, inter alia, of professional contacts and know-how, and was necessary to Defendants in order for them to win the Mechel Project tender.

24. Plaintiffs worked on the Mechel Project for Defendants with the explicit understanding and expectation that they would be compensated in accordance with their

prior course of dealing with the Defendants, for Defendants (together with another of MINMETALS' subsidiaries which acts as its "Raw Materials Strategic Business Unit" CHINA NATIONAL MINERALS CO. INC.; "CNM") had previously retained Plaintiffs to provide similar services in connection with another tender, the "Ilych Project". For the Ilych Project Defendants and CNM had agreed to pay Plaintiffs 9.34% of the tender value, said compensation to be paid to Plaintiffs upon Defendants receipt of the money due from the issuer of the tender.

25.  Defendants understood that Plaintiffs participation in the process of winning the Mechel Project tender was not volunteerism, but was undertaken by Plaintiffs at their request as a commercial enterprise.

26.  Defendants knew that Plaintiffs expected that Defendants would compensate them if the tender for the Mechel Project succeeded.

27.  In fact, Defendants' bid for the tender of the Mechel Project did succeed and in or about October 2008 a stock company established by Mechel for this purpose entered into a contract with Defendant MINMETAL ENGINEERING. The total contract cost was determined to be $298,170,000.

28.  Defendants proceeded to carry out the project and to receive payment for it. Upon information and belief, Defendants have up until this time received at least $100,000,000 from Mechel against the tender contract price.

29.     Based on their prior course of dealing Plaintiffs were entitled to payment of $9,340,000 upon Defendants' receipt of the initial payment from Mechel.

30.     However, upon acquisition of the Mechel Project, Defendants MINMETALS and MINMETALS ENGINEERING ceased communicating with Plaintiffs and did not make any payments to them whatsoever.

31.     Plaintiffs addressed their demands to MINMETALS and MINMETALS ENGINEERING but despite acknowledging Plaintiffs' right to compensation Defendants have not paid any amount whatsoever in connection with the Mechel Project.

32.     In consequence of Defendants' failure to pay Plaintiffs the sums to which they were entitled in connection with the Mechel Projects, Plaintiffs suffered immediate and serious injury, including a significant negative impact on Plaintiffs' ability to continue their operations in the United States.

## FIRST CAUSE OF ACTION

### Breach of Contract

33.     Plaintiffs incorporate herein by reference the foregoing paragraphs of the Complaint as though fully set forth.

7

34. Plaintiff SKAB Ltd. and Defendants MINMETALS and MINMETAL ENGINEERING entered into an implied contract for the Mechel Project ("The Mechel Contract").

35. This contract was based on the parties' prior course of dealing and required that Plaintiffs assist Defendants in being awarded the contract for the execution of the Mechel Project, in exchange for which Defendants were committed to pay Plaintiffs 9.34% of the value of the contract awarded to Defendants in relation to the Mechel project.

36. At the request of Defendants MINMETALS ENGINEERING and MINMETALS, Plaintiffs provided extensive and valuable services to assist them in getting the Mechel Project.

37. Defendants were aware that Plaintiffs expected to be compensated for their efforts on support of obtaining the Mechel Project and that the compensation would be in accordance with the parties' prior dealings in connection with the Ilych Project, to wit an 9.34% commission based on the total value of the contract obtained.

38. In or about October 2008 Defendants MINMETALS and MINMETALS ENGINEERING were in fact awarded the work for the Mechel Project.

39. The value of the Mechel Project which Defendant MINMETALS ENGINEERING was awarded was approximately $298,170,000.

40. The Mechel Contract was a valid and enforceable agreement between Plaintiff SKAB LTD. and Defendants MINMETALS ENGINEERING and MINMETALS.

41. Plaintiffs and Defendants MINMETALS and MINMETALS ENGINEERING intended to be bound and were bound by the terms of the Mechel Contract.

42. Defendant MINMETALS as the sole shareholder of Defendant MINMETALS ENGINEERING intended to and did become responsible and liable for any breach of the Mechel Contract.

43. Under the terms of the Mechel Contract, Defendant MINMETALS and MINMETALS ENGINEERING agreed that it would pay Plaintiffs 9.34% of all sums received in connection with the Mechel Project.

44. Plaintiffs have fully performed under the terms of the Mechel Contract.

45. Upon information and belief Defendants have received no less than $100,000,000 worth of payments in connection with the Mechel Project.

46. Defendants have not paid Plaintiffs any sum whatsoever in connection with its work under the Mechel contract.

**47.** As a direct result of defendants breach of the Mechel contract Plaintiffs have been damaged in an amount to be determined at trial, believed to be in excess of $9,340,000. Plaintiffs are entitled to a money judgment against Defendants MINMETALS and MINMETALS ENGINEERING, jointly and severally, in the amount of $9,340,000 together with interest from date of its payment to defendants and until paid to Plaintiffs.

**SECOND CAUSE OF ACTION**

## **Breach of Covenant of Good Faith and Fair Dealing**

48. Plaintiffs incorporate herein by reference the foregoing paragraphs of the Complaint as though fully set forth.

49. A Covenant of Good Faith and Fair Dealing is implied in every agreement and contract. The relationship and agreements between Plaintiffs and Defendants MINMETALS and MINMETALS ENGINEERING contained the Implied Covenant of Good Faith and Fair Dealing that neither Plaintiffs nor Defendants shall do anything which will have the effect of destroying or injuring the right of either Party to receive the fruits of their work and agreements.

50. Defendants MINMETALS and MINMETALS ENGINEERING breached the Covenant of Good Faith and Fair Dealing by destroying Plaintiffs' rights to receive the fruits of their work and agreements with Defendants.

51. Defendants MINMETALS and MINMETALS ENGINEERING acted dishonestly and in bad faith with the intention of frustrating Plaintiffs' reasonable expectations to the fruits of their contract by taking advantage of Plaintiffs' services, information and relationships in order to obtain the economic advantage presented by the Mechel Project without paying Plaintiffs their promised compensation in connection with it. These actions were in breach of the Mechel Contract and other undertakings and obligations that existed between Plaintiffs and Defendants.

52. As a direct and proximate result of Defendants MINMETALS ENGINEERING and MINMETALS' breach of the Implied Covenant of Good Faith and Fair Dealing, Plaintiffs were caused to incur damages in an amount of 9.34% of any sums paid to defendants in connection with the Mechel Project and/or disgorgement damages, plus interest and additional costs and legal fees.

## THIRD CAUSE OF ACTION

### Unjust Enrichment- Mechel Project

53. Plaintiffs incorporate herein by reference the foregoing paragraphs of the Complaint as though fully set forth.

54. Plaintiffs provided extensive services, know-how, information and support which enabled Defendants MINMETALS ENGINEERING and MINMETALS to obtain and perform the Mechel Project.

55. Plaintiffs incurred significant expense in time, money and economic opportunity in providing these services to Defendants.

56. Plaintiffs provided the aforementioned services at the request of MINMETALS and MINMETALS ENGINEERING.

57.     At the time that Plaintiffs provided these services it was their expectation to be compensated for them. MINMETALS and MINMETALS ENGINNERING were aware of Plaintiffs' expectation that they be compensated.

58.     MINMETALS and MINMETALS ENGINEERING benefitted as a result of the contributions and services provided by Plaintiffs insofar as they could not have obtained and carried out the Mechel project without them.

59.     Defendants have failed and refused to compensate Plaintiffs for the labor, service, materials and other resources referenced herein.

60.     Defendants have been unjustly enriched and Plaintiffs have suffered damages as a result of Defendants' failure to pay Plaintiffs for the labor, service, materials and other resources referenced herein.

61.     MINMETALS and MINMETALS ENGINEERING were enriched beyond any contractual rights insofar as they did receive the Mechel Project and benefitted as a result of the professional introductions made on their behalf by Plaintiffs without having paid for these services.

62.     As a direct and proximate result of Defendants MINMETALS ENGINEERING and MINMETALS' actions they were unjustly enriched at the expense of Plaintiffs in the

amount of all payments received by them in connection with the Mechel Project in the past or the future.

63. Plaintiffs are entitled to a judgment against Defendants MINMETALS and MINMETALS ENGINEERING in an amount to be determined at trial, including disgorgement damages plus punitive damages, attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for:

1. An accounting for and payment to Plaintiffs of 9.34% of any sums received by Defendants in connection with the Mechel Project and a declaration that they be obligated to pay over a similar percentage of any such additional sums received in the future.

2. Damages, including disgorgement damages, in an amount to be proved at trial;

3. Costs of the suit incurred herein;

4. Reasonable attorney's fees; and

5. Such other and further relief as the court deems appropriate.

Plaintiffs demand a trial by jury on all claims so triable.

Dated: October 7th, 2014
   Brooklyn, New York

                                  __/s/ Sofia Balile_____
                                  Sofia Balile, Esq.
                                  155 Water Street
                                  Brooklyn, New York 11201
                                  Tel.: (646) 580-6116
                                  Fax: (877) 516-5646